IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff*,<br><br>v.<br><br>SAMUEL STERLING,<br>    *Defendant*. | Civil No.: ELH-15-3898[1]<br>Related Criminal No. ELH-12-00390 |

**AMENDED MEMORANDUM**

In this Memorandum, I must resolve a second post-conviction petition filed by Samuel Sterling under 28 U.S.C. § 2255.  In light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), Sterling contends that he was improperly designated as an Armed Career Criminal.

Under 28 U.S.C. § 2255(b), a hearing is required "[u]nless he motion and the files and records conclusively show that the prisoner is entitled to no relief. . . ."  This is such a case; no hearing is necessary.  For the reasons that follow I shall deny the Petition.

I.      **Factual and Procedural Background**

On July 18, 2012, Samuel Sterling was charged in a one-count indictment with the offense of possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1).  ECF 1.  Sterling entered a plea of guilty on December 17, 2012 (ECF 21).  Pursuant to the Plea Agreement (ECF 22), the plea was entered under Rule 11(c)(1)(C), with an agreed upon disposition of 180 months' incarceration.  *Id.* ¶¶ 8, 9.  In addition, the parties agreed that Sterling qualified as an Armed Career Criminal, pursuant to 18 U.S.C. § 924(e).  *Id.* ¶ 6(b).

---

[1] This Memorandum and the accompanying Order were previously filed on May 12, 2016, under civil case number ELH-15-1386.  However, that case number was assigned to Mr. Sterling's first post-conviction petition.  The Amended Memorandum corrects the error, using the civil case number for Mr. Sterling's second post-conviction petition.  With the exception of the correction to the civil case number, there is no change to the Memorandum.

Prior to Mr. Sterling's sentencing, the United States Probation Office completed a Presentence Report ("PSR"). *See* ECF 25. The PSR determined that Mr. Sterling qualified as an Armed Career Criminal. Therefore, Mr. Sterling's guidelines sentencing range called for a period of imprisonment of 188 to 235 months. This was based on an adjusted offense level of 31 and a criminal history category of VI. If Mr. Sterling were not an Armed Career Criminal, however, the PSR indicates that his adjusted offense level would have been a 25. Notably, the defendant had a total of 26 criminal history points. Therefore, whether or not the defendant was an Armed Career Criminal, his criminal history category was a VI.

Mr. Sterling's defense attorney submitted a Sentencing Memorandum. ECF 27. In the Sentencing Memorandum, he requested imposition of the agreed upon sentence of 180 months' imprisonment.

On May 6, 2013, in accordance with the C plea, Sterling was sentenced to 180 months of imprisonment. ECF 28. Judgment was entered on May 7, 2013. ECF 29; *see also* ECF 30. Approximately two years later, on May 15, 2015, Sterling filed a pro se motion to vacate his conviction and sentence, pursuant to 28 U.S.C. § 2255 ("Motion"). ECF 31. He supplemented his submission on May 26, 2015. ECF 33. The government opposed the Motion (ECF 34), urging dismissal of the Motion on the ground that it was untimely filed under 28 U.S.C. § 2255(f).

As noted, Sterling did not file his Petition until May 15, 2015, almost a year after expiration of the limitations period (ECF 31). Notably, he failed to allege any justification for his belated filing, nor did he set forth any grounds to warrant equitable tolling. Therefore, I concluded that the Petition was time barred. By Memorandum (ECF 35) and Order (ECF 36) of October 6, 2015, I dismissed the Petition, without issuance of a certificate of appealability.

Petitioner filed a Motion For Reconsideration on November 12, 2015 (ECF 37). In that submission, Sterling also challenged his status as an armed career criminal, based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Id.*

By Order dated December 24, 2015 (ECF 38), I granted Sterling's Motion For Reconsideration in part, and denied it, in part. In particular, I noted that the Supreme Court's decision in *Johnson* was issued on June 26, 2015, after Sterling had already filed and supplemented his Motion to Vacate. Therefore, as to Sterling's *Johnson* claim, I construed the Motion For Reconsideration as a Motion To Vacate Under 28 U.S.C. § 2255, and considered it timely filed. *See* 28 U.S.C. § 2255(f)(1)(3). But, I otherwise denied the Motion For Reconsideration. I also instructed the Clerk to docket ECF 37 as a second Motion To Vacate under 28 U.S.C. § 2255. *See* ECF 40.

On February 29, 2016, the government filed its response in opposition to ECF 40. *See* ECF 43. Mr. Sterling did not file a reply.

By Order dated April 26, 2016, I asked the Office of the Federal Public Defender to advise the Court as to whether it would represent Mr. Sterling in this matter. By letter dated May 2, 2016 (ECF 35), the Office of the Federal Public Defender advised that it will not do so.

Additional facts are included in the Discussion.

## II.     Discussion

Section 2255(a) of Title 28 of the United States Code provides relief to a prisoner in federal custody only on specific grounds: that the sentence was imposed in violation of the Constitution or laws of the United States; that the court was without jurisdiction to impose such a sentence; that the sentence was in excess of the maximum authorized by law; or that the sentence is otherwise subject to collateral attack. In reviewing the Petition, the Court is mindful that a

self-represented litigant is generally "held to a 'less stringent standard[ ]' than is a lawyer, and the Court must liberally construe his claims, no matter how 'inartfully' pled." *Morrison v. United States*, RDB-12-3607, 2014 WL 979201, at *2 (D. Md. Mar. 12, 2014) (internal citations omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that claims of self-represented litigants are held "to less stringent standards than formal pleadings drafted by lawyers"); *Bala v. Commonwealth of Virginia Dep't of Conservation & Recreation*, 532 F. App'x 332, 334 (4th Cir. 2013) (same).

The scope of review of non-constitutional error is more limited than that of constitutional error. A non-constitutional error provides a basis for collateral attack only when it involves "'a fundamental defect which inherently results in a complete miscarriage of justice'" or is "inconsistent with the rudimentary demands of fair procedure." *United States v. Mikalajunas*, 186 F.3d 490, 496 (4th Cir. 1999); *see United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015).

"[A] mistaken career offender designation is not cognizable on collateral review." *Newbold*, 791 F.3d at 459 (citing *United States v. Foote*, 784 F.3d 931, 932-33 (4th Cir. 2015)). In contrast, a defendant may challenge on collateral review an alleged erroneous determination that he qualifies as an armed career criminal and has thus "'received a punishment that the law cannot impose upon him.'" *Newbold*, 791 F.3d at 460 (citation omitted). The government agrees that *Johnson* applies retroactively on collateral review. It asserts that, "as applied to ACCA, *Johnson* announced a new substantive rule entitled to retroactive effect. See *Schriro v. Summerlin*, 542 U.S. 348, 352 (2004).[1]" ECF 43 at 2.

Pursuant to 18 U.S.C. § 924(e), an Armed Career Criminal is an individual who violates 18 U.S.C. § 9(c)(2)(g), and who has three prior, distinct convictions for either a violent felony or

4

a serious drug offense, or both. By statute, a person who qualifies as an Armed Career Criminal is subject to a mandatory period of imprisonment of not less than 15 years, in accordance with the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).[2]

The Presentence Report (ECF 25) indicates that Sterling had three prior, qualifying serious drug offenses. In particular, the Presentence Report reflects a 2003 conviction for possession with intent to manufacture/distribute CDS, in Case 103176020, in the Circuit Court for Baltimore City. *See* ¶¶ 38-40 of PSR. In addition, the Presentence Report reflects a 2006 conviction for conspiracy to manufacture/distribute narcotics, Case No. 106188029, in the Circuit Court for Baltimore City. *See* ¶¶ 43-45. And, the Presentence Report reflects another 2006 conviction for possession with intent to distribute CDS, Case No. 106325063, also in the Circuit Court for Baltimore City. *See* ¶¶ 46-49. All three of these offenses involved cocaine and are serious and distinct drug offenses.[3]

Section 924(e)(2)(A) defines the term "Serious Drug Offense." As defendant's prior offenses are all under Maryland law, § 924(e)(2)(A)(ii) is relevant. It defines a serious drug offense as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law[.]"

---

[2] Section 924(e)(1) of 18 U.S.C. states, in part: "In the case of a person who violates § 922(g) of this title and has three previous convictions by any court referred to in § 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years. . . ."

[3] As the PSR (ECF 25) indicates, Sterling committed two separate offenses in 2006. One of the offenses occurred in June and the other occurred in October. *See* PSR ¶¶ 41, 43.

Thus, in order to qualify as a serious drug offense, defendant's prior Maryland convictions must have prescribed a potential maximum term of imprisonment of at least ten years. Maryland Code, Criminal Law Article ("C.L.") §§ 5-602 and 5-608 are relevant. C.L. § 5-602 of the 2012 Replacement Volume of the Maryland Code prohibits the felony offenses of distribution of a controlled dangerous substance ("CDS"), and possession with intent to distribute CDS. C.L. § 5-608 establishes various penalties, and sets a penalty of imprisonment not exceeding 20 years for the first offense under § 5-602 if it involves a Schedule I or Schedule II narcotic drug. C.L. § 5-101(f) defines "controlled dangerous substance." Moreover, the drugs that appear on Schedule I and Schedule II appear at C.L. § 5-402 and C.L. § 5-403, respectively. Cocaine is designated as a Schedule II substance. *See* C.L. § 5-403(b)(3)(iv); *see also Hurt v. State*, 2015 WL 5926870, at *4 (Md. Court of Special Appeals Sept. 4, 2015). Under these statutes, Sterling was subject to potential sentences of up to twenty years for the convictions outlined above.

As noted, the PSR (ECF 25) clearly reflects that Sterling had at least three prior felony drug offenses, which constituted serious drug offenses under ACCA. Based on these convictions, Sterling was subjected to an enhanced sentence as an Armed Career Criminal under 18 U.S.C. § 924(e).

The government correctly maintains that *Johnson* is of no help to Sterling. *See* ECF 43 at 2. This is because *Johnson* invalidated as unconstitutionally vague the Residual Clause of the ACCA definition for "violent felony." *Johnson*, 135 S. Ct. at 2558. However, Mr. Sterling was not found to be an Armed Career Criminal based on prior offenses that were deemed to be violent felonies. Rather, he was determined to be an Armed Career Criminal based on three prior, distinct felony drug offenses.

For these reasons, I shall deny the Motion to Vacate, Set Aside or Correct Sentence.

A Certificate of Appealability shall not issue.  An Order follows.

Date:  June 7, 2016               /s/
　　　　　　　　　　　　　　　　　　Ellen L. Hollander
　　　　　　　　　　　　　　　　　　United States District Judge